UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-10082-CV-KING
MAGISTRATE JUDGE REID

HAROLD GLENN REECE,

    Plaintiff,

v.

MONROE COUNTY JAIL,

    Defendant.
    _____/

**REPORT OF MAGISTRATE JUDGE**
**RE CIVIL RIGHTS COMPLAINT - 42 U.S.C. § 1983**
[ECF No. 1]

**I. Introduction**

Plaintiff, **Harold Glenn Reece,** a pretrial detainee at the Monroe County Jail is no stranger to this Court, having recently filed three civil rights actions in this Court. This Complaint filed pursuant to 42 U.S.C. § 1983, alleges an Eighth Amendment claim arising from a lack of access to a shower and telephone for one day on November 29, 2019, the day after Thanksgiving. [ECF No. 1 at 2-3]. He names the Monroe County Jail as the sole defendant. [*Id.* at 1]. For the reasons discussed below, the Complaint should be **DISMISSED**.

This case has been referred to the Undersigned for issuance of all preliminary orders and recommendations to the district court regarding dispositive motions. *See* 28 U.S.C. § 636(b)(1)(B), (C), and S.D. Fla. Admin. Order 2019-02. [ECF No. 3].

Plaintiff has been granted permission to proceed *in forma pauperis* ("IFP") and is therefore subject to the screening provisions of 28 U.S.C. § 1915(e)(2). *See Farese v. Scherer,* 342 F.3d

1223, 1228 (11th Cir. 2003)(per curiam)("Logically, § 1915(e) only applies to cases in which the plaintiff is proceeding IFP").

## II. Standard of Review- 28 U.S.C. §1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), where a plaintiff is proceeding IFP, the complaint must be dismissed if the Court determines that the complaint fails to state a claim on which relief may be granted. *See Wright v. Miranda,* 740 F. App'x 692, 694 (11th Cir. 2018) (*per curiam*). In reviewing the complaint under § 1915(e), the Court takes the allegations as true and construes them in the light most favorable to Plaintiff. *See Hughes v. Lott,* 350 F.3d 1157, 1159-60 (11th Cir. 2003).

In order "to avoid dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Wright,* 740 F. App'x at 694 (citing *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (*per curiam*)). Although a *pro se* pleading is liberally construed, it must still "suggest that there is some factual support for a claim." *Id.*

To state a claim for relief under § 1983, "a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001)(citing *Almand v. DeKalb Cty., GA,* 103 F.3d 1510, 1513 (11th Cir. 1997)). Under § 1915(e)(2)(B)(i), courts must dismiss as frivolous claims that are "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless" *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court may dismiss a complaint that fails "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quotation and citation omitted). "Bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (quotation and citation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by . . . well-pleaded factual allegations." *Id.* at 679.

### III. Discussion

#### A. Facts Alleged

Plaintiff alleges that on November 29, 2019, the day after Thanksgiving, the Monroe County Jail was on "lockdown" the entire day, and, as a result, he was not allowed to shower or use the telephone that day. [ECF No. 1 at 2]. He maintains this was inhumane and an abuse of authority by unidentified and unnamed officials at the Monroe County Jail. [*Id.*]. As a result, he claims he suffered "emotional distress" and "cruel and unusual punishment." [*Id.*]. He seeks compensatory and punitive damages. [*Id.*].

#### B. Eighth Amendment

It is well established that the Eighth Amendment "does not 'allow a prisoner to be exposed to an objectively unreasonable risk of serious damage to his future health,' but it also 'does not mandate comfortable prisons.'" *Hunt v. Warden,* 748 F. App'x 894, 900 (11th Cir. 2018) (*per curiam*) (citing *Brooks v. Warden,* 800 F.3d 1295, 1303 (11th Cir. 2015) (internal quotation marks omitted)). The Eighth Amendment also requires that "'the conditions of confinement' meet 'the evolving standards of decency that mark the progress of a maturing society.'" *Hunt,* 748 F. App'x at 900 (internal quotation marks omitted).

Thus, the Eleventh Circuit Court of Appeals has made clear "that 'conditions' that 'deprive inmates of the minimal civilized measure of life's necessities' 'violate the Eighth Amendment.'"

*Hunt,* 748 F. App'x at 900 (quoting *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981)). "The challenged condition must be 'extreme.'" *Id.* (internal citations omitted). The Eighth Amendment is not offended by "'a prisoner's mere discomfort, without more." *Id.* (internal citations and quotations omitted). The Eleventh Circuit in *Hunt* made clear that Plaintiff's allegations that he was denied access to a handicap "shower" and "toilet," for two weeks, and was confined in a "hard cell," was insufficient to demonstrate a deprivation of life's necessities, such as "basic sanitation," especially where no allegations was made that he was "unable to make use of a shower." *Id.* (citations omitted).

Construed liberally as afforded *pro se* litigants, at best Plaintiff has demonstrated negligence, but not a constitutional deprivation because he has not demonstrated he was denied basic hygiene for more than a 24-hour period, or that the facility otherwise denied him access to running water or other supplies. His claim is insufficient to state a constitutional deprivation. *See e.g., Quintanilla v. Bryson,* 730 F. App'x 738, 747 (11th Cir. 2018) (*per curiam*) (finding inmate's allegations of near-constant exposure to unhygienic conditions for at least one year, where he was allowed to shower only three times a week, but in "decrepit" and "flooded" showers, stated an Eighth Amendment claim, especially when combined with allegations pretrial detainees had no way to clean themselves)(citations omitted).

Plaintiff has not suggested that the temporary deprivation "posed any threat to this health or safety. Admittedly, Plaintiff 'need not await a tragic event' in order to seek relief." *See Cantrell v. Payne,* No. 2:12-CV-274-FTM-29, 2012 WL 1900593, at *2 (M.D. Fla. May 24, 2012) (citing *Helling v. McKinney,* 509 U.S. 25, 33 (1993)).

In *Cantrell*, the Court found the alleged conditions, "no more than the denial of a phone call, denial of a shower on one occasion, and the denial of the 'sheet exchange' on one occasion," were not "objectively 'extreme' to have posed an 'unreasonable risk of serious damage' to

- 4 -

Plaintiff's health or safety." *Cantrell,* 2012 WL 1900593 at *2 (quoting *Chandler,* 379 F.3d at 1290 (citations omitted) (pointing out that Eighth Amendment violations should not be found upon a judge's subjective views)).

### C. Denial Access to Phone

To the extent Plaintiff means to allege his one-day restrictive telephone access somehow prevented him from contacting his legal counsel or otherwise affected his access to the courts, he has failed to state a claim because he has not alleged that he suffered an actual injury as a result of being denied telephone access.

"[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate legal assistance from persons trained in the law." *Ferguson v. Warden, Everglades Re-Entry Ctr.,* 714 F. App'x 966, 967 (11th Cir. 2018) (quoting *Bounds v. Smith,* 430 U.S. 817, 828 (1977)). The Eleventh Circuit has made clear, however, that "there is no freestanding right to a law library, litigation tools, or legal assistance." *Id.* (quoting *Lewis v. Casey,* 518 U.S. 343, 349 (1996)). Instead, Plaintiff must show "actual injury" in order to sufficiently allege a claim for interference with access to the courts. *Id.*

Thus, to sufficient demonstrate a denial of access to the courts, Plaintiff "must identify in his Complaint a nonfrivolous, arguable underlying claim for which he seeks relief." *Id.* (quoting *Barbour v. Haley,* 471 F.3d 1222, 1226 (11th Cir. 2006)). An "actual injury" is shown when Plaintiff alleges sufficient facts that he was prejudiced in a "criminal prosecution. postconviction motion, or civil rights action in which he sought to 'vindicate basic constitutional rights.'" *Id.* (quoting *Lewis*, 518 U.S. at 354).

Given the foregoing, the Plaintiff has not alleged facts to support a denial of access to courts claim, having failed to identify how he was precluded from filing the instant action, or otherwise pursuing any legal claims.

### D. Monroe County Jail

Plaintiff only names the Monroe County Jail as a Defendant in this action. The Monroe County Jail is not a proper defendant in a case brought under 42 U.S.C. § 1983 because it does not enjoy a separate legal existence independent of the County or the Sheriff's Office. *See Dean v. Barber,* 951 F.2d 1210, 1214 (11th Cir. 1992). The capacity of a jail like Monroe County Jail to be sued in federal court is governed by the law of the state in which the district court is located. *See Faulkner v. Monroe Cnty. Sheriff's Dep't,* 523 F. App'x 696, 701 (11th Cir. 2013) (*per curiam*); *see also Wilk v. St. Lucie County Fla. Sheriff Office,* 740 F. App'x 658, 662 (11th Cir. 2018) (*per curiam*) (citing *Dean,* 951 F.2d at 1214 and Fed. R. Civ. P. 17(b)). Florida law does not recognize a jail facility as a legal entity separate from the sheriff charged with its operation and control. *See generally,* Chapter 30, Fla. Stat. Thus, Monroe County Jail "is not a proper defendant in a suit for damages" as it "does not have the capacity to sue and be sued." *Wilk,* 740 F. App'x at 662 (citing *Fla. City Police Dep't v. Corcoran,* 661 So.2d 409, 410 (Fla. 3rd DCA 1995)).

Where, as here, a § 1983 plaintiff sues a jail, there must be proof that the alleged injuries resulted from an official custom, policy, or practice. *See e.g., Monell v. Dep't of Social Serv.,* 436 U.S. 658 (1978). Plaintiff identified the Monroe County Jail, but does not articulate any custom, policy or practice.

For the foregoing reasons, the Monroe County Jail must be dismissed as a defendant pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Dean,* 951 F.2d at 1214 (nothing that sheriff's departments and police departments are not legal entities subject to suit under § 1983); *see also*

*Brannon v. Thomas County Jail,* 280 F. App'x 930, n.1 (11th Cir. 2008) (affirming dismissal of county jail in § 1983 action nothing jail under Georgia state law is not considered a legal entity).

### E. Conclusion

Plaintiff's Complaint fails to state a viable federal cause of action under § 1983 warranting dismissal of this filing. Although district courts must liberally construe *pro se* pleadings, the courts are not required to rewrite complaints to state a viable cause of action where one does not otherwise exist. *GJR Invs. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) ("[I]n the case of *pro se* litigants [the] leniency [afforded] does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action[.]").

Because it is apparent that any further amendment would be futile in that any amendments on the basis of the allegations now presented would still be properly dismissed, this Court should dismiss this action without leave to amend. *See Spaulding v. Poitier*, 548 F. App'x 587, 594 (11th Cir. 2013) (holding that magistrate judge did not abuse his discretion in denying Plaintiff leave to amend his complaint because such an amendment would have been futile) (citing *Cockrell v. Sparks,* 510 F.3d 1307, 1310 (11th Cir. 2007)).

### IV. Recommendations

Based upon the foregoing, it is recommended that:

1. this Complaint be **DISMISSED** for failure to state a claim upon which relief can be granted under § 1915(e) and as frivolous, *Carroll v. Gross, et al.,* 984 F.2d 392, 393 (11th Cir. 1993); and,

2. the case **CLOSED**.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the District Judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Judge except upon grounds

of plain error or manifest injustice. *See* 28 U.S.C. §636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985).

      **SIGNED** this 20th day of October, 2020.

                                                      UNITED STATES MAGISTRATE JUDGE

cc:    Harold Glenn Reece, *Pro Se*
        Inmate #09009212
        Monroe County Jail
        Inmate Mail/parcels
        5501 College road
        Key West, FL  33040